UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KASON JAMISON,** <br><br> Plaintiff, <br><br> v. <br><br> **CHRISLYN MORGAN,** *et. al.*, <br><br> Defendants. | Case No. 24–cv–10154–ESK–SAK <br><br><br> **OPINION AND ORDER** |

**THIS MATTER** having come before the Court *sua sponte* pursuant to 28 U.S.C. §(Section) 1915; and the Court finding:

1. Plaintiff filed the instant complaint on October 29, 2024 asserting federal question jurisdiction and claiming that the events that give rise to his claims occurred in Atlantic County Superior Court – Chancery Division. (ECF No. 1 pp. 2, 3.) His alleged injuries include garnished wages and deprivation of freedom and bonding time between he and his child. (*Id.* p. 4.) Plaintiff attached to his complaint a Superior Court filing that reads, in part, "the writ of habeas corpus is the fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action, and thereby any judgment not by peers for child support is a lawless action in violation of due course of the land." (ECF No. 1–5 pp. 4, 5.) Relevant here, plaintiff also included with his complaint an application to proceed *in forma pauperis*. (ECF No. 1–2.)

2. On December 26, 2024, plaintiff filed additional exhibits—most of them Superior Court filings—challenging jurisdiction and authority in those proceedings. (ECF Nos. 3, 3–1, 3–2, 3–3, 3–4, 3–5, 3–6.) These exhibits make clear that plaintiff's claims center on child custody and/or related child-support obligations. For instance, in one of the exhibits plaintiff "asserts that the child support order and duty of support were imposed without evidence of a contract between the Affiant and the Plaintiff/Petitioner. Therefore, this court lacks subject matter jurisdiction to hear natural and moral obligations because they are unactionable matters." (ECF No. 3–4 p. 3 (footnotes omitted)). Elsewhere, plaintiff demands that the "NEW JERSEY CHILD SUPPORT ENFORCEMENT UNIT PROVIDE RECORD … SHOWING AN EXPRESSED CONSENT TO CONTRACT WITH THE … CHILD SUPPORT AGENCY." (ECF No. 3–6 p. 7.)

3. Pursuant to Section 1915, a court may authorize an action "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. §1915(a)(1). Though Section 1915(a) refers to prisoners, non-prisoners may also commence legal actions without the prepayment of fees and costs. *See Massaro v. Balicki*, Case No. 13–06958, 2016 WL 1182257, at *1 n.1 (D.N.J. Mar. 28, 2016). Whether to grant a litigant *in forma pauperis* status turns on their economic eligibility. *Casiano v. Colvin*, Case Nos. 23–21871 & 23–23361, 2024 WL 2013950, at *1 (D.N.J. May 7, 2024). While a litigant need not be "absolutely destitute," they must demonstrate an inability to pay filing and docketing fees. *Id.* (quoting *Taylor v. Sup. Ct.*, 261 F. App'x 399, 400 (3d Cir. 2008)).

4. I am satisfied upon review of plaintiff's application that he is unable to pay filing and docketing fees. I will therefore grant him status to proceed *in forma pauperis*.

5. This does not conclude the inquiry. If a court grants a plaintiff's application to proceed *in forma pauperis*, it must screen the complaint pursuant to Section 1915(e)(2)(B) before issuing any summonses. *See In re Wolf*, 696 F. App'x 599, 600 (3d Cir. 2017). Specifically, Section 1915(e)(2)(B) directs courts to dismiss an action upon a determination that it fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also Talley v. Simandle*, 599 F. App'x 33, 34 (3d Cir. 2015) ("In screening IFP complaints, a district court must dismiss an action if it fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant immune to such a claim.").

6. Pursuant to Federal Rule of Civil Procedure (Rule) 8, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint does not provide any such statement. Notably, plaintiff fails to allege any specific action taken by any specific defendant. *See Balice v. United States*, 776 F. App'x 779, 780 (3d Cir. 2019) (affirming dismissal for failure to comply with Rule 8).

7. Insofar as I am able to interpret plaintiff's complaint as a general challenge to child-support orders, the complaint must be dismissed. State proceedings appear to be continuing and *Younger*[1] abstention is therefore appropriate because proceedings are ongoing, child-support proceedings implicate important state interests, and plaintiff may raise any potential constitutional challenges during the state-court proceedings and related appeals. *See DiPietro v. N.J. Fam. Support Payment Ctr.*, 375 F. App'x 202,

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

205 (3d Cir. 2010) (affirming dismissal of the plaintiff's constitutional claims). If plaintiff is instead seeking to challenge child-support orders after the fact, the Court lacks jurisdiction under the *Rooker-Feldman*[2] doctrine. *See Lepre v. Lukus,* 602 F. App'x 864, 870 (3d Cir. 2015) (concluding that the district court correctly determined that it lacked subject matter jurisdiction to consider the plaintiff's due-process challenge to child-support and wage-garnishment orders and related hearings).

Accordingly,

**IT IS** on this **28th** day of **February 2025 ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1–2) is **GRANTED**.

2. Plaintiff's complaint (ECF No. 1) is **DISMISSED**.

3. The Clerk is directed to mail a copy of this order to plaintiff's address of record and mark this case **CLOSED**.

　　　　　　　　　　　　　　　　　　 */s/ Edward S. Kiel*
　　　　　　　　　　　　　　　　　　**EDWARD S. KIEL**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[2] *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).